IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| GRIFFIN SERVICES, INC., | ) | B-01-52373 C-7W |
| | ) | ADVERSARY NO. 03-6114W |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| THE HOLLAND GROUP OF TENNESSEE, | ) | |
| INC. and STACY ALMOND, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | 1:05CV00342 |
| | ) | |
| BRUCE MAGERS, Chapter 7 | ) | |
| Trustee for Griffin Services, | ) | |
| Inc., | ) | |
| | ) | |
| Appellee. | ) | |

MEMORANDUM OPINION and ORDER

OSTEEN, District Judge

This matter is before the court on a motion by Appellants The Holland Group of Tennessee, Inc. ("Holland") and Stacy Almond to pursue an interlocutory appeal from the memorandum opinion and order issued by the bankruptcy court on the parties' cross motions for summary judgment. For the reasons set forth below, Appellants' motion will be denied.

**I.   BACKGROUND**[1]

Debtor Griffin Services, Inc. was brought under Chapter 7 of the Bankruptcy Code by involuntary petition on October 4, 2001, immediately after a failed buyout by Appellant Holland.  Debtor's bankruptcy was subsequently converted to a voluntary Chapter 11 case.

On August 27, 2003, Appellee Bruce Magers, Trustee for Debtor, filed an adversary proceeding against Appellants Holland and Almond, the latter being one of five area or branch managers of Debtor that were hired by Holland one week after the failed buyout and involuntary petition.  The complaint alleges that certain post-petition acts of Appellants caused injury to Debtor and its bankruptcy estate and constitute (1) breach of contract by Holland, (2) interference with contract by Holland, (3) breach of contract by Almond, and (4) unfair and deceptive business practices by Holland.

After the parties filed cross motions for summary judgment, the bankruptcy court initially determined the adversary matter to be core to the bankruptcy proceedings.  See 28 U.S.C. § 157(b)(1).  Then the court denied Almond's motion for summary judgment, which requested dismissal for insufficiency of process.

---

[1] Because the interlocutory appeal challenges only the bankruptcy court's legal findings, the court incorporates the statement of facts contained in the bankruptcy court's memorandum opinion of March 2, 2005.

The court entered summary judgment in favor of Appellee against Almond for breach of contract and denied summary judgment to either party on the remaining claims.

Appellants now move for an interlocutory appeal of the bankruptcy court's decision.

**II. STANDARD OF REVIEW**

The United States Code provides district courts with appellate jurisdiction over proceedings in bankruptcy courts, including the discretionary review of interlocutory orders. See 28 U.S.C. § 158(a)(3). Section 158 provides no express guidance concerning when leave to appeal an interlocutory order should be granted, but subsection (c) instructs that bankruptcy appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts." Id. § 158(c)(2). Accordingly, district courts in this circuit, including this one, have adopted the criteria used for certification of interlocutory appeals to the courts of appeal, 28 U.S.C. § 1292(b). See, e.g., Charlotte Commercial Group, Inc. v. Fleet Nat'l Bank (In re Charlotte Commercial Group, Inc.), Nos. 01-52684C-11W, 01-6044, 1:02CV00343, 2003 WL 1790882, at *1 (M.D.N.C. Mar. 13, 2003); KPMG Peat Marwick, L.L.P. v. Estate of Nelco, Ltd., 250 B.R. 74, 78 (E.D. Va. 2000).

To show that an interlocutory appeal is warranted, an appellant must establish "that exceptional circumstances justify a departure from the basic policy of postponing appellate review

3

until after the entry of a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 475, 98 S. Ct. 2454, 2461 (1978). Under 28 U.S.C. § 1292(b), leave to file an interlocutory appeal should be granted only when (1) the order to be appealed involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation. KPMG Peat Marwick, 250 B.R. at 78 (citing Atlantic Textile Group, Inc. v. Neal, 191 B.R. 652, 653 (E.D. Va. 1996)). All three requirements must be satisfied in order to grant leave to appeal an interlocutory order. Atlantic Textile, 191 B.R. at 653-54.

In the Fourth Circuit, a "controlling question of law" is one that presents a "narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." Fannin v. CSX Transp., Inc., No. 88-8120, 1989 WL 42583, at *5 (4th Cir. Apr. 26, 1999). A "substantial ground for difference of opinion" exists, not merely because there is a difference of opinion on the application of law, but only where "courts themselves disagree as to what the law is." KPMG Peat Marwick, 250 B.R. at 83. "[A]n interlocutory appeal will lie only if a difference of opinion exists between courts on a given controlling question of law, creating the need for an interlocutory appeal to resolve the split or clarify the law." Id. at 82.

4

**III. ANALYSIS**

Appellants seek to raise three issues on interlocutory appeal. They claim the bankruptcy court erred when it: (1) ruled that the adversary matter was core; (2) denied Almond's motion for summary judgment for insufficiency of service of process; and (3) held Almond breached her employment contract. The court will apply the three-prong test borrowed from 28 U.S.C. § 1292(b) to each issue.

### A. Whether the Bankruptcy Court Erred in Holding the Adversary Matter Core

Appellants complain the bankruptcy court declined to follow the controlling precedent of Humboldt Express, Inc. v. The Wise Co. (In re Apex Express Corp.), 190 F.3d 624 (4th Cir. 1999), in determining whether the adversary matter was core or non-core. This issue is not suitable for interlocutory appeal.

First, the issue is not a controlling question, because it is not dispositive of the adversary litigation. Core proceedings are matters within the full jurisdiction of the bankruptcy court. After final judgment, legal questions may be appealed to the district court and are subject to de novo review. Canal Corp. v. Finnman (In re Johnson), 960 F.2d 396, 399 (4th Cir. 1992). Non-core proceedings may still be heard by bankruptcy courts, but findings of fact and conclusions of law must be submitted to the district court for adoption. District courts review non-core findings and conclusions de novo. 28 U.S.C. § 157(c)(1).

Because Appellants challenge only the bankruptcy court's legal conclusions, and those findings are reviewable by the district court de novo regardless of whether the issue is core or non-core, resolution of this issue is not dispositive of the litigation.

Second, there exists no difference of opinion regarding controlling authority. The parties do not dispute that <u>In re Apex Express Corp.</u> controls the issue of whether a matter is core or non-core in the Fourth Circuit. Appellants' sole argument is that the bankruptcy court misapplied the binding precedent. Therefore, the only difference of opinion is on the application, not the substance, of the law. As a result, there is no "substantial ground for difference of opinion" regarding this issue. See <u>KPMG Peat Marwick</u>, 250 B.R. at 83.

### B.  Whether the Bankruptcy Court Erred in Denying Almond's Motion for Summary Judgment for Insufficiency of Process

Appellants complain the bankruptcy court erred when it held Almond, who was not served with the complaint and raised the defense of insufficiency of process in her answer, waived the defense by participating in the lawsuit for over one year before advancing the defense in summary judgment. This issue is also not suitable for interlocutory appeal.

First, whether Almond waived her jurisdictional defenses is not a controlling question because the bankruptcy court made an alternative ruling within its discretion which is not subject to

6

interlocutory appeal.  After finding waiver, the bankruptcy court held Appellee had demonstrated good cause for his failure to properly serve Almond within the 120-day period set out in Rule 4(m) of the Federal Rules of Civil Procedure.  The bankruptcy court then extended the time for service of process to 30 days from the date of its order.  Whether to extend time for the service of process for good cause shown is within the discretion of the court.  Mendez v. Elliott, 45 F.3d 75, 79 (4th Cir. 1995).  Such a discretionary decision is not appropriate for interlocutory appeal.  See In re Orlan, 138 B.R. 374, 377 (E.D.N.Y. 1992) (holding bankruptcy court's decision to reopen hearings was within the discretion of the court and thus does not involve a controlling question justifying interlocutory appeal).  Therefore, because the bankruptcy court made an alternative ruling not subject to interlocutory appeal, interlocutory appeal on the issue of waiver is futile.

Second, even if the issue of waiver were a controlling question, it is not subject to a substantial ground for difference of opinion.  Although the Fourth Circuit has not determined whether waiver applies on these facts, there is no dispute between the circuits.  All the circuits that have addressed whether the defense of insufficiency of process is waived when raised in an answer but not advanced until the case had substantially progressed toward resolution on the merits have found the defense waived.  See Brokerwood Int'l (U.S.), Inc. v. Cuisine Crotone, Inc., No. 03-30622, 2004 WL 1541314, at *2-3

(5th Cir. July 9, 2004); Hunger U.S. Special Hydraulics Cylinders Corp. v. Hardie-Tynes Mfg. Co., No. 99-4042, 2000 WL 147392 (10th Cir. Feb. 4, 2000); Hamilton v. Atlas Turner, Inc., 197 F.3d 58 (2d Cir. 1999); Bel-Ray Co. v. Chemrite (Pty) Ltd., 181 F.3d 435, 443-44 (3d Cir. 1999); Continental Bank, N.A. v. Meyer, 10 F.3d 1293, 1296-97 (7th Cir. 1993); Yeldell v. Tutt, 913 F.2d 533, 538-39 (8th Cir. 1990). Because no circuit has taken the position advanced by Appellants, the court cannot contemplate a difference of opinion by the Fourth Circuit or the district or bankruptcy courts within this circuit.

### C. Whether the Bankruptcy Court Erred When it Held Almond Breached Her Employment Contract

Appellants' last contention is that it was error for the bankruptcy court to enter summary judgment against Almond for breach of contract because entry of judgment absent proper service of process violates the basic principles of fairness, equity, and due process. This issue is also inappropriate for interlocutory appeal.

First, it is not a controlling question. In order for the court to find the bankruptcy court's judgment against Almond void for lack of process, the court must first grant interlocutory appeal on the issue of waiver and then hold the finding of waiver improper. The court has already determined the issue of waiver inappropriate for interlocutory appeal. Therefore, interlocutory appeal on this dependent claim is also inappropriate.

8

Second, there is no dispute on the applicable law.  The Supreme Court has clearly held that "[i]n the absence of such service [of process] (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."  <u>Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 344-45, 119 S. Ct. 1322, 1324 (1999).  Like the issue of waiver, Appellants' argument here is based upon the bankruptcy court's application of law, not the substance of the law itself.

**IV. CONCLUSION**

For the reasons stated herein,

IT IS ORDERED that Appellants' Motion for Leave to Appeal [1] is DENIED.

This the 16th day of June 2005.

　　　　　　　　　　　　　　　　　／s／ William L. Osteen
　　　　　　　　　　　　　　　　United States District Judge